IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSEL SWISHER,                                              Case No.

    Plaintiff,

vs.                                                                            **JURY TRIAL DEMANDED**

COLLECTCORP. CORPORATION,
and JOHN DOE,

    Defendants
_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et, seq. (hereafter "FDCPA") and the Florida Consumer Credit Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. §1391(d).

### III. PARTIES

4. Plaintiff, Russel Swisher (hereafter, "Plaintiff"), is an adult individual residing at 602 Chilt Drive, Brandon, Florida 33510.

5. Defendant, Collectcorp Corporation (hereafter, "Collectcorp") is a Canadian Corporation engaged in the business of collecting debts with its principal place of business located at 455 North 3rd Street, Suite 260, Phoenix, Arizona 85004. The principal purpose of Defendant is the collection of debts, using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant, John Doe, A/K/A Jeremy Koop, (hereafter, "Koop") is a natural person employed by Collectcorp Corporation and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On June 5, 2007, Koop, a representative of Collectcorp called and left a message on Plaintiff's cellular telephone.

8. Plaintiff did not recognize the telephone number displayed on the caller I.D. so he let the call go to voice mail.

9. When Plaintiff's cell phone indicated that he had a message, he listened to the message.

10. The message left on Plaintiff's cell phone by Koop stated that he was calling regarding a personal business matter and that it would be in Plaintiff's best interests to call him back that day by 5:00 pm.

11. Koop further stated that his client would move forward with or without Plaintiff's input but it would be better for Plaintiff if he gave his input.

12. Koop then left a contact number along with the file number of 722-88-387.

13. In the message, Koop failed to identify himself as a debt collector or to state the call was an attempt to collect a debt and any information would be used for that purpose.

14. Within a few minutes of listening to the message left by Koop, Plaintiff's doorbell rang.

15. Plaintiff answered the door and it was his neighbor, Mr. Stephen Carp.

16. Mr. Carp told Plaintiff that he had received a telephone call from Koop.

17. Koop asked Mr. Carp to have Plaintiff return his call, gave him his toll free number and file number 722-88-387.

18. Mr. Carp wrote all of this information on a piece of paper and delivered the message to Plaintiff as Koop had requested.

19. Plaintiff is the president of his homeowners association and Mr. Carp is a fellow association board member.

20. Receiving the message from Mr. Carp was very embarrassing for Plaintiff.

21. Plaintiff was angered and annoyed that Koop called his neighbor and requested that the neighbor deliver a message to him just minutes after Koop left a voice mail message on Plaintiff's cell phone.

22. Koop clearly knew Plaintiff's telephone number and had his address.

23. Upon information and belief, Koop failed to request information regarding Plaintiff's location and, even if he did request location information, it was just a pretext to contact Plaintiff's neighbor which Koop knew would embarrass Plaintiff and would likely result in a quick return telephone call.

24. Koop's abusive and coercive tactic worked as Plaintiff immediately called Koop.

25. Koop advised Plaintiff that he was collecting a debt allegedly owed to Bank of America.

26. The debt allegedly owed to Bank of America was a credit card debt incurred primarily for personal, family or household purposes and is, therefore, a debt as defined by 15 U.S.C. §1692a(5).

27. Plaintiff questioned Koop regarding the legality of him contacting his neighbor.

28. Koop told Plaintiff "I can do whatever I need to do to get a hold of you."

29. Plaintiff told Koop that he is represented by an attorney and that all future calls should be directed to his attorney.

30. Plaintiff provided his attorney's name and telephone number to Koop.

31. Koop told Plaintiff that he would keep calling him despite being advised by that he was represented by an attorney.

32. Plaintiff again insisted that all calls should be directed to his attorney.

33. Plaintiff repeated the contact information of his attorney again and ended the call.

34. Collectcorp, by and through their employee Koop, violated the Fair Debt Collection Practices Act in their attempts to collect the debt allegedly owed to Bank of America from Plaintiff.

35 The actions of Collectcorp and Koop made Plaintiff upset, angry, frustrated, agitated, and very embarrassed.

**FIRST CLAIM FOR RELIEF**
**FDCPA VIOLATION**
**Russel Swisher vs. Collectcorp**

36. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

37. The foregoing acts and omissions of Collectcorp and its agent constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692b(1), 1692d., 1692e, 1692e(10), 1692e(11), and 1692f.

38. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
## FCCPA VIOLATION
### Russel Swisher vs. Collectcorp

39. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

40. The foregoing acts and omissions of Collectcorp and its agent constitute violations of the FCCPA, including, but not limited to §§559.72(5), 559.72(7), 559.72(9), 559.72(18).

41. The Defendant's actions described above were done intentionally with the intent to coerce Plaintiff into paying a consumer debt.

42. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages and attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
## FDCPA VIOLATION
### Russel Swisher vs. John Doe

43. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

44. The foregoing acts and omissions of Doe constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692b(1), 1692d., 1692e, 1692e(10), 1692e(11), and 1692f.

45. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
## FCCPA VIOLATION
### Russel Swisher vs. John Doe

46. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

47. The foregoing acts and omissions of Doe constitute violations of the FCCPA, including,

but not limited to §§559.72(5), 559.72(7), 559.72(9), 559.72(18).

48. The Defendant's actions described above were done intentionally with the intent to coerce Plaintiff into paying a consumer debt.

49. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages and attorney's fees and costs.

**WHEREFORE**, PLAINTIFF respectfully prays that judgment be entered against DEFENDANTS for the following:

   a. Declaratory Judgment that DEFENDANTS' conduct violated the FDCPA;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. §1692k;

   d. Cost and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   e. For such other and further relief as may be just and proper.


Dated :   June 21, 2007                    Respectfully submitted,

                                           s/ G. Donald Golden_____
                                           G. DONALD GOLDEN, ESQUIRE
                                           Florida Bar No. 0137080
                                           G. DONALD GOLDEN, P.A.
                                           510 Vonderburg Drive, Suite 3006
                                           Brandon, Florida 33511
                                           Telephone: (813) 413-8700
                                           Facsimile: (813) 413-8701
                                           don@brandonlawyer.com
                                           Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

                                           s/ G. Donald Golden_____
                                           G. Donald Golden, Esquire